IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | |
|---|---|
| Michael Shealy, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Georgia-Pacific Wood Products, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 8:11-757-JMC-KFM<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

        This matter is before the court on the plaintiff's motion to remand to state court (doc. 5) and the defendant's motion to amend/correct the notice of removal (doc. 6). The matter was referred to the undersigned on April 12, 2011, by the Honorable J. Michelle Childs, United States District Judge, for all pretrial management and motions.

        In his complaint filed in state court, the plaintiff alleges that the defendant, his former employer, terminated his employment for pretextual reasons. He alleges causes of action for defamation, breach of contract, and breach of contract accompanied by a fraudulent act. At the time he filed the lawsuit in state court, the plaintiff already had an employment discrimination lawsuit against the defendant pending before this court.

        On March 29, 2011, the defendant filed its notice of removal on the basis of diversity of citizenship, removing the state-law action to this court. The defendant's original notice of removal addressed the amount in controversy requirement as follows:

> Although Plaintiff does not allege a particular amount of damages, Plaintiff alleges he was among the employees of Georgia-Pacific with high "compensation levels" and that, following his termination, he has "suffered damages including, but not limited to loss of earnings and benefits, impairment of earning capacity and future earnings, embarrassment, humiliation, fright, shock, and emotional distress, all of which will continue for an indeterminate period into the future and all

> to the great damage to the Plaintiff." (Compl. ¶¶ 8, 18.) Plaintiff also prays for punitive damages. (Id. ¶ 18.) Thus, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

(Notice of Removal ¶ 6).

On March 31, 2011, the plaintiff filed a motion to remand to state court, arguing that the defendant's "mere recitation of a few lines of the Complaint, surmising that 'highly compensated' and punitive damages must equate to an amount in excess of $75,000 is tacitly inaccurate" (Motion to Remand at 5). On April 8, 2011, the defendant filed its response in opposition to the motion to remand along with a motion to amend/correct the notice of removal. The plaintiff did not file any opposition to the motion to amend.

The defendant seeks to amend the notice of removal to address the amount in controversy requirement as follows:

> Although Plaintiff does not allege a particular amount of damages, Plaintiff alleges he was among the employees of Georgia-Pacific with high "compensation levels" and that, following his termination, he has "suffered damages including, but not limited to loss of earnings and benefits, impairment of earning capacity and future earnings, embarrassment, humiliation, fright, shock, and emotional distress, all of which will continue for an indeterminate period into the future and all to the great damage to the Plaintiff." (Compl. ¶¶ 8, 18.) Plaintiff also prays for punitive damages. (Id. ¶ 18.) In a related lawsuit filed by Plaintiff against Defendant pertaining to the same "pretextual" termination alleged in the instant Complaint, *Shealy v. Georgia-Pacific Wood Products LLC*, No. 8:10-CV-574-JMC-KFM (the "Discrimination Lawsuit"), Plaintiff has estimated his damages for lost wages and benefits and for "embarrassment, humiliation, mental anguish, and loss of reputation" "to be in excess of $5,000,000.00 when calculated over his lifetime." (See Discrimination Lawsuit, Pl's Resp. to Interrogatory No. 8, attached hereto as Exhibit 1). Thus, the amount in controversy here clearly exceeds the sum of $75,000, exclusive of interest and costs.

(M. to Amend Notice of Removal, ex. A, First Amended Notice of Removal ¶ 6).

A defendant is entitled to "freely amend the notice of removal," within the 30-day removal period for removing an action filed in state court on the basis of diversity. 14C Wright and Miller, *Federal Practice and Procedure* § 3733. Since the defendant was served with a copy of the complaint on March 21, 2011 (Notice of Removal ¶ 2), and the motion to amend was filed within the 30-day period thereafter, the defendant's motion should be freely granted. Moreover, as noted above, the plaintiff filed no opposition to the motion to amend.

Wherefore, based upon the foregoing,

IT IS ORDERED that the defendant's motion to amend the notice of removal (doc. 6) is granted.

Furthermore, as the amendment adequately addresses the issue raised in the plaintiff's motion to remand,

IT IS RECOMMENDED that the motion to remand (doc. 5) be denied.


s/Kevin F. McDonald
United States Magistrate Judge

May 5, 2011

Greenville, South Carolina

3