IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | |
|---|---|
| Michael Shealy,<br><br>      Plaintiff,<br><br>vs.<br><br>Georgia-Pacific Wood Products, LLC,<br><br>      Defendant. | Civil Action No. 8:11-757-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the defendant's motion for judgment on the pleadings on the basis of preclusion (doc. 25). The case was referred to the undersigned on April 12, 2011, by the Honorable J. Michelle Childs, United States District Judge, for all pretrial management and motions.

    In his complaint filed in state court, the plaintiff alleges that the defendant, his former employer, terminated his employment for pretextual reasons. He alleges causes of action for defamation, breach of contract, and breach of contract accompanied by a fraudulent act. The case was removed to this court on March 29, 2011. The plaintiff is represented by counsel.

    At the time he filed the lawsuit in state court, the plaintiff already had an employment discrimination lawsuit against the defendant pending before this court. *See Shealy v. Georgia-Pacific Wood Products, LLC*, C.A. No. 8:10-574-JMC-KFM (hereinafter "the First Case"). In the First Case, the plaintiff alleged he was terminated from employment by the defendant in violation of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). On July 18, 2011, this court issued a report recommending that the defendant's motion for summary judgment be granted. The plaintiff filed no objections to the report. On August 12, 2011, Judge Childs adopted the

report and recommendation and granted the defendant's motion for summary judgment in the First Case. *See id.*, doc. 67.

In the motion for judgment on the pleadings now before the court, the defendant argues that the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) bar the plaintiff's current action. The motion for judgment on the pleadings was filed on August 24, 2011. The plaintiff's response was due by September 12, 2011. When the plaintiff did not file a timely response to the motion, this court issued an order giving the plaintiff through October 12, 2011, to file his response. The plaintiff filed no response.

A complaint is subject to dismissal under Federal Rules of Civil Procedure 12(b)(6) and 12(c) if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6), 12(c). If, as here, a defendant's motion for failure to state a claim is brought after the defendant has already filed its answer, the motion is one for judgment on the pleadings under Rule 12(c). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002) (explaining that the procedural "distinction is one without a difference" as the same standard is applied under Rule 12(c) as under Rule 12(b)(6)).

A complaint fails to state a claim upon which relief can be granted if it is precluded by res judicata or collateral estoppel. *Salami v. Monroe*, No. 1:07CV621, 2008 WL 2981553, at *2 n.1 (M.D.N.C. Aug. 1, 2008). When a preclusion defense appears from the face of a plaintiff's complaint and from facts from a prior proceeding, the defense may be brought as a Rule 12 motion so long as it raises no disputed issues of fact, because the court can take judicial notice of the facts from a prior proceeding. *Id.*; *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."). When, as here, a prior judgment was issued by a federal court applying federal law, a federal court sitting in

diversity must apply the federal law of preclusion. *Branning v. Morgan Guar. Trust Co. of N.Y.*, 739 F. Supp. 1056, 1062 n.4 (D.S.C. 1990) ("The res judicata effects of a federal court decision on a federal question are controlled by federal law in subsequent federal court litigation.").

Here, as argued by the defendant, the plaintiff's claims are precluded by the final judgment entered against him in the First Case. "Claim preclusion refers to the preclusive effect of a judgment in foreclosing litigation of matters which should have been raised in an earlier suit, while issue preclusion refers to the effect of a judgment in precluding the relitigation of a matter actually decided and litigated." *Weston v. Margaret J. Weston Med. Ctr.*, No. 1:05-2518-RBH, 2007 WL 2750216, at *5 (D.S.C. Sept. 20, 2007) (rejecting the plaintiff's argument that his ADEA claim should proceed because it requires him to prove different elements than did his earlier claims for breach of contract and breach of contract accompanied by a fraudulent act).

Claim preclusion requires three elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits. *Keith v. Aldridge*, 900 F.2d 736, 739 (4th Cir. 1990). As to the second element, the Fourth Circuit Court of Appeals has "adopted a transactional approach to the identity of claims question – 'the appropriate inquiry is whether the new claim arises out of [the] same transaction or series of transactions as the claim resolved by the prior judgment.'" *Id*. at 740 (quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)).

Here, the First Case was resolved by a final judgment on the merits, and it involved the identical two parties present here. Moreover, both suits unquestionably involve the "same transaction or series of transactions." Both cases revolve around the plaintiff's allegation that his March 26, 2009, termination was pretextual, and both cases allege that the true motivation for the plaintiff's termination was that defendant had made a decision

3

to terminate older, more senior employees who receive higher pay as part of an effort to downsize while avoiding severance pay obligations. Further, both cases seek the same categories of damages: loss of employment and benefits, loss of earning capacity, emotional distress, and punitive damages. The plaintiff could have brought his state law claims in the First Case, and he is precluded from bringing such claims now.

As this court finds that the instant action is barred by res judicata, it is unnecessary to address the defendant's collateral estoppel argument. Wherefore, based upon the foregoing, the defendant's unopposed motion for judgment on the pleadings (doc. 25) should be granted.

IT IS SO RECOMMENDED.

                                                s/Kevin F. McDonald
                                                United States Magistrate Judge

October 31, 2011
Greenville, South Carolina